UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA

MICHAEL ANTHONY GEORGE                          CIVIL ACTION

VERSUS                                          NO: 08-5022

N. BURL CAIN, WARDEN                            SECTION: R(4)

                         **ORDER & REASONS**

    Before the Court is Michael George's Petition for a Writ of Habeas Corpus.[1]  The Court, having reviewed *de novo* the petition, the record, the applicable law, and the Magistrate Judge's Report and Recommendation, reverses the Magistrate's finding that George's petition was not timely.  The Court holds that petitioner has failed to exhaust his state court remedies.  Additionally, the Court holds that George's claim fails on the merits.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  28 U.S.C. § 2254(e)(2).

I.   **PROCEDURAL HISTORY**

    Michael George was charged with two counts of simple burglary in case number 395-266.[2]  On January 6, 1999, a jury found George guilty as to count one, but not guilty as to count

---

    [1] R. Doc. 1.

    [2] St. Rec. Vol. 2 of 3, Bill of Information, 1/29/98.

two.[3]  The State filed a multiple bill on January 13, 1999, charging George as a fourth felony offender.[4]  On August 16, 2000, the trial court held a hearing on the multiple bill.[5]  At the hearing, the State submitted evidence that George was previously convicted of the following offenses: (1) being a convicted felon in possession of a firearm, possession of marijuana and possession of phencyclidine in case 315-682; (2) possession of stolen property valued at more than one-hundred dollars but less than five-hundred dollars in case 357-394; and (3) burglary of an inhabited dwelling in case 370-003.[6]  The court found George to be a fourth felony offender and sentenced him to life in prison without the benefit of parole, probation or suspension of sentence.[7]  The court denied George's motion to reconsider the sentence.[8]

---

[3]  St. Rec. Vol. 1 of 3, Jury Verdict (Count 1); St. Rec. Vol. 1 of 3, Jury Verdict (Count 2).

[4]  St. Rec. Vol. 1 of 3, Minute Entry, 1/13/99; St. Rec. Vol. 2 of 3, Multiple Bill, 1/13/99.

[5]  St. Rec. Vol. 1 of 3, Multiple Bill Hearing Minutes, 8/16/00; St. Rec. Vol. 2 of 3, Multiple Bill Hearing Transcript, 8/16/00.

[6]  St. Rec. Vol. 2 of 3, Multiple Bill Hearing Transcript, 8/16/00.

[7]  *Id.*; St. Rec. Vol. 1 of 3, Minute Entry, 8/16/00.

[8]  St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 8/16/00.

On March 13, 2002, the Louisiana Fourth Circuit Court of Appeal affirmed George's conviction and sentence.[9] The court denied George's request for rehearing on November 20, 2002.[10] Because George did not file for further review, his conviction became final 30 days later on December 20, 2002.

On June 4, 2003, George filed a "Uniform Application for Post-Conviction Relief" with the Louisiana Fourth Circuit.[11] In his application, George raised two arguments: (1) that he was denied effective assistance of counsel when his attorney failed to file a written response to the multiple bill; and (2) that the court erred in accepting his guilty plea in case 357-394 without first swearing him in. With his application, George submitted two writs entitled "Motion of Error Coram Nobis." The first is directed to case 395-266 and raises the first argument in George's post-conviction relief application.[12] The second is directed to case 357-394 and raises the second argument in

---

[9] St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 2001-KA-1061, 3/13/02.

[10] St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 2001-KA-1061, p.9, 3/13/02 (rehearing refused 11/20/02); St. Rec. Vol. 2 of 3, Application for Rehearing on Direct Appeal, 4/1/02 (dated 3/26/02).

[11] St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2003-K-1040, 6/10/03 (dated 6/4/03).

[12] St. Rec. Vol. 3 of 3, Motion of Error Coram Nobis, 395-266 "B".

George's post-conviction relief application.[13]  On August 7, 2003, the Fourth Circuit denied George's writ application on the showing made and directed the order to case 395-266.[14]

George also filed the motions of error coram nobis discussed above with the respective trial courts.  The motion filed in case 395-266 is neither stamped, dated or signed by George.[15]  The trial court denied the motion on August 11, 2003.[16]  George filed his motion of error coram nobis in case 357-394 on August 20, 2003.[17]  The matter was continued without date and the record for case 357-394 does not include an order ruling on this motion.[18]

On March 31, 2005, George filed a motion of error coram nobis with the Fourth Circuit.[19]  On May 26, 2005, the Fourth Circuit denied the application.[20]

---

[13] St. Rec. Vol. 3 of 3, Motion of Error Coram Nobis, 357-394 "E".

[14] St. Rec. Vol. 3 of 3, 4th Cir. Order, 2003-K-1040, 8/7/03.

[15] St. Rec. Vol. 1 of 3, Motion of Error Coram Nobis, 395-266 "B".

[16] St. Rec. Vol. 1 of 3, Minute Entry, 8/13/03.

[17] St. Rec. 357-394 Vol. 1 of 1, Motion of Error Coram Nobis, 357-394 "E".

[18] St. Rec. 357-394 Vol. 1 of 1, Minute Entry, 8/20/03.

[19] St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2005-K-0536, 4/6/05 (dated 3/31/05).

[20] St. Rec. Vol. 3 of 3, 4th Cir. Order, 2005-K-0536, 5/26/05.

On November 3, 2005, George filed a writ application entitled "Motion to Correct an Illegal Sentence Based Upon New Discovered Evidence" with the Fourth Circuit.[21]  On March 20, 2007, the Fourth Circuit denied the writ application.[22]

On May 1, 2007, George filed a writ application entitled "Motion to Correct an Illegal Sentence" with the Fourth Circuit.[23]  The Fourth Circuit denied the writ application on June 12, 2007.[24]

On June 14, 2007, George submitted a writ application to the Louisiana Supreme Court seeking review of the appellate court's March 20, 2007 order.[25]  The court denied the application on March 28, 2008 as untimely and raising sentencing errors barred

---

[21] St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2007-K-0191, 2/12/07 (dated 11/3/05).

[22] St. Rec. Vol. 3 of 3, 4th Cir. Order, 2007-K-0191, 3/20/07.

[23] St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2007-K-0609, 5/15/07 (dated 5/1/07).

[24] St. Rec. Vol. 3 of 3, 4th Cir. Order, 2007-K-0609, 6/12/07.

[25] St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 07-KH-1366, 7/5/07 (dated 6/14/07).

from post-conviction review.[26]  The Louisiana Supreme Court also denied George's request for reconsideration.[27]

George then filed this federal petition for habeas corpus. Under the federal mailbox rule, his petition is deemed filed on November 20, 2008.

## II.  REPORT AND RECOMMENDATION[28] AND OBJECTIONS[29]

On January 13, 2011, the Magistrate Judge issued a Report and Recommendation recommending that George's petition be dismissed with prejudice as time-barred.  The Magistrate Judge found that the AEDPA filing period ran for 165 days from December 21, 2002, the day after George's conviction was final, to June 4, 2003, when George submitted his writ application to the Louisiana Fourth Circuit.  The filing period began to run again on September 9, 2003, 30 days after the Fourth Circuit denied George's writ, and did so for the remaining 200 days until March 26, 2004, when it expired.  In addition, the Magistrate Judge found that George had not provided any basis to warrant equitable

---

[26]  St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2007-KH-1366, 3/28/08.

[27]  St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2007-KH-1366, 8/29/08.

[28]  R. Doc. 11.

[29]  R. Doc. 12.

tolling. Accordingly, the Magistrate Judge recommended that George's petition be dismissed as time-barred.

George objects to the issued Report and Recommendation. Specifically, George asserts that between March and May of 2003, he filed a post-conviction application in the state trial court and that this post-conviction application has never been ruled on. Thus, petitioner asserts that his current federal application is not time-barred.

**III. TIMELINESS**

The AEDPA requires a petitioner to bring his section 2254 claim within one year of the date his conviction became final. 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitations period. 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed", the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).

George's conviction became final on December 20, 2002, 30 days after the Louisiana Fourth Circuit refused his request for

rehearing on his appeal of his conviction and sentence. The AEDPA filing period, therefore, began running on December 21, 2002 and continued until George filed his first motion for post-conviction relief. George claims that he filed an application for post-conviction relief with the state trial court between March and May of 2003 that was never ruled on. The state court record does not contain any motion for post-conviction relief filed between March and May of 2003 that was not ruled on. The trial court record for case 395-266 does, however, contain a motion of error coram nobis that is not stamped, dated or signed by George.[30] A motion of error coram nobis is an "application for state post-conviction or other collateral review" tolling the limitations period. *See Fernandez v. Artuz*, 402 F.3d 111, 114-16 (2d Cir. 2005) (finding petitioner's coram nobis petition was "properly filed" for purposes of tolling the AEDPA statute of limitations); *MacCracken v. Louisiana*, No. 07-9540, 2008 WL 2951214, at *7 (E.D. La. July 25, 2008) (tolling the limitations period while a writ of error coram nobis was pending in the state trial court). Giving George every benefit, the Court will consider his motion of error coram nobis in 395-266 pending as of

---

[30] St. Rec. Vol. 1 of 3, Motion of Error Coram Nobis, 395-266 "B".

March 1, 2003, the earliest day he asserts a motion was filed. On August 11, 2003, the trial court denied the motion.[31]

On August 20, 2003, George filed a motion of error coram nobis in case 357-394.[32] In the motion, George challenges the legality of his guilty plea in 357-394, one of the underlying convictions used in sentencing him in 395-266. The matter was continued without date and the record does not include an order ruling on the motion.[33] If this motion tolled the limitations period for filing a federal petition, George's petition is timely.

Under Section 2244, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C.

---

[31] St. Rec. Vol. 1 of 3, Minute Entry, 8/13/03. The Magistrate Judge used the post-conviction application filed directly with the Fourth Circuit to toll the limitations period. In his objection, George asserts that if the application for post-conviction relief was filed directly with the Fourth Circuit, it would not have been "properly filed" for purposes of tolling the statute of limitations. *See* La. Code. Cr. P. art. 926 (stating that an application for post-conviction relief must be filed in the district court for the parish in which the petitioner was convicted). The Court need not resolve the issue of whether George's application filed directly with the Fourth Circuit should toll the one-year statute of limitations for filing a federal habeas petition because George's motion of error coram nobis was pending at the same time in the trial court.

[32] St. Rec. 357-394 Vol. 1 of 1, Motion of Error Coram Nobis, 357-394 "E".

[33] St. Rec. 357-394 Vol. 1 of 1, Minute Entry, 8/20/03.

§ 2244. The issue is whether the motion of error coram nobis in case 357-394 challenged a "pertinent judgment or claim" pursuant to section 2244(d)(2).

Here, George's federal habeas petition challenges his sentence in 395-266 as a habitual offender, arguing that it is based on an improper prior conviction.[34] Specifically, George attacks the use of "a 1994 guilty plea from Section 'D' which was erroneously filed under case number 370-003."[35] In the motion of error coram nobis in issue, George asserts that the court erred in accepting his guilty plea in case 357-394 without first swearing him in.[36] Because George's motion of error coram nobis challenges the use of a different conviction in the multiple bill than that challenged in his federal petition, the Court finds that the motion of error coram nobis does not challenge a "pertinent claim." *See Smith v. Duncan*, 297 F.3d 809, 813-14 (9th Cir. 2002) (holding that a direct challenge to an earlier conviction attacked a "pertinent claim" because petitioner's federal habeas petition asserted that his current sentence was inappropriately enhanced by this earlier conviction).

---

[34] R. Doc. 1 at 4.

[35] *Id.*

[36] St. Rec. 357-394 Vol. 1 of 1, Motion of Error Coram Nobis, 357-394 "E", 8/20/03.

10

The Court finds, however, that George's motion of error coram nobis could arguably be construed as an attack on the "pertinent judgment." In his motion, George asserts that the Court has jurisdiction over his motion because "[p]rior convictions which enhance present sentence, may be challenged at any time."[37] Further, the factual background addresses George's conviction and sentence in case 395-266. Specifically, George asserts that his conviction in case 357-394 was one of the prior convictions used in finding him a multiple offender in 395-266. In addition, in his prayer for relief, George asks that the court "vacate the multiple offender adjudication."[38] The Court notes that George had not filed an earlier state application challenging the 357-394 conviction for enhancement purposes before filing the motion of error coram nobis in issue. *Compare Godfrey v. Dretke*, 396 F.3d 681 (5th Cir. 2005) (holding it was impossible to construe petitioner's motions directly attacking the underlying convictions as challenging the pertinent enhanced conviction because petitioner had filed an earlier habeas petition attacking the underlying convictions for enhancement purposes). For these reasons, the Court finds that George's August 20, 2003 motion of error coram nobis may be construed as challenging his habitual offender sentence in 395-266. Because

---

[37] *Id.*

[38] *Id.*

the state trial court never ruled on the motion, and less than one-year passed between when George's conviction became final and when he filed the motion, the Court finds that George's federal petition was filed within the one-year limitations period.

**V.     EXHAUSTION**

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner usually must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  To satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal claim to each level of the state courts in order to allow the state courts the initial opportunity to correct federal constitutional violations. *Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).  The substance of a claim is fairly presented only when the applicant presents his claims to the state courts "in a procedurally proper manner according to the rules of the state courts."  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Further, the federal claim must be the "substantial equivalent" of the claim presented to the state courts to satisfy the "fairly presented" requirement. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 275-278 (1971)).  "This requirement is not

satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.*

In his federal application, George argues that a 1994 guilty plea was filed improperly under case number 370-003 and used to find him a fourth felony offender in case 395-266. George claims that case 370-003 corresponds to a 1996, rather than a 1994, conviction. George incorrectly asserts that he raised this claim in a "Motion to Correct an Illegal Sentence" in the state trial court and with the Fourth Circuit. The only copy of petitioner's "Motion to Correct an Illegal Sentence" challenging his guilty plea in 370-003 is stamped as filed with the Fourth Circuit.[39] In this motion, George attacked the use of his guilty plea in 370-003 in the multiple bill in 395-266, asserting that he was not adequately advised of his right to face his accusers when pleading guilty in 370-003.[40] The Court finds that this argument is not the "substantial equivalent" of the argument raised in the federal petition for purposes of exhaustion.

Instead, the Court finds that the federal claim was raised for the first time in George's motion for reconsideration to the Louisiana Supreme Court.[41] But, "fair presentation" does not

---

[39] St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2007-K-0191, 2/12/07 (dated 11/3/05).

[40] *Id.*

[41] St. Rec. Vol. 3 of 3, Request for Reconsideration, 2007-KH-1366, 7/19/08.

13

include presenting claims "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  In Louisiana, the presentation of a post-conviction claim to the Louisiana Supreme Court without first raising it in the lower courts is not procedurally proper.  *See* La. Code Crim. P. art. 926(A) (post-conviction application to be addressed to the state district court); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (commenting without deciding that claim raised for the first time in Louisiana Supreme Court may not be properly presented); *Howard v. New Orleans Criminal Dist. Court*, No. 04-2922, 2006 WL 2589208, at *8 (E.D. La. Sept. 7, 2006) (holding that because "[e]xhaustion requires that the petitioner complete each step of the state's review process[,] [p]resenting the claim for the first time to the highest court does not satisfy exhaustion"). Because George has failed to "fairly present" his federal claims to the state courts in a "procedurally proper manner," the Court holds that petitioner has failed to exhaust his state court remedies.

**VI.   MERITS OF PETITIONER'S CLAIM**

George's failure to exhaust notwithstanding, the Court can reach the merits of George's claim if it is convinced that the

claim lacks merit.[42] *See* 28 U.S.C. § 2254(b)(2); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998). In his federal habeas petition, George claims that his enhanced sentence as a fourth felony offender was based on a 1994 guilty plea. George argues that the record does not contain evidence of a 1994 conviction, but rather of a 1996 charge in case 370-003.

The Court interprets petitioner's claim as arguing that there was insufficient evidence to support his habitual offender adjudication.[43] For a claim of insufficient evidence, the court must determine whether, after identifying the elements of the offense under state law and viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a

---

[42] Additionally, the Court notes that petitioner's claim also appears to be procedurally barred. A federal court need not, however, decide whether a claim is procedurally barred if the claim clearly fails on the merits. *Glover v. Hargett*, 56 F.3d 682, 684 (5th Cir. 1995) (declining to address procedural default argument because petitioner's claims failed on the merits).

[43] The Court notes that if George's claim is meant as a direct challenge to the validity of the predicate conviction, that claim would be barred by *Lackawanna County District Attorney v. Cross*, 532 U.S. 394 (2001). In *Lackawanna*, the United States Supreme Court held that federal habeas corpus relief is not available when a petitioner challenges a current sentence on the grounds that it was enhanced by an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody. *Id.* at 402-04. Therefore, George cannot challenge his current sentence in this court by claiming that his conviction in 370-003 was not constitutionally sound.

reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Donahue v. Cain*, 231 F.3d 1000, 1004 (5th Cir. 2000).

To establish that a defendant is a habitual offender under La. Rev. Stat. § 15:529.1, the State must present competent evidence of the existence of a prior felony conviction and that the defendant is the same person convicted of the prior felony. *State v. Staggers*, 03-655 (La. App. 5 Cir. 10/28/03); 860 So. 2d 174, 180; *see also State v. Shelton*, 621 So. 2d 769, 779 (La. 1993) ("If the defendant denies the multiple offender allegations then the burden is on the state to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken."). Certified copies of court records evidencing prior convictions are sufficient to prove the prior convictions. *Staggers*, 860 So. 2d at 180. Independent proof, such as matching fingerprints and other vital information, is required to show the defendant is the same person identified in those records. *Id.*

The Louisiana Supreme Court has held that upon presentation of sufficient proof of identity and prior convictions by the State, the burden shifts to the defendant to challenge the validity of the underlying convictions. *Shelton*, 621 So.2d at 779. Specifically, "[i]f the State meets [its] burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural

16

irregularity in the taking of the plea." *Id.* If the defendant meets this burden, the burden shifts back to the State to prove the constitutionality of the plea. *Id.*

The Court finds George's claim is without merit. At the multiple bill hearing, the State submitted evidence that George was previously convicted of simple burglary of an inhabited dwelling in case 370-003 in 1996 on a plea of guilty.[44] The state court record shows that George was arrested for this charge in 1994, and pleaded guilty in 1996.[45] The record is clear that references at the multiple bill hearing to the "'94 burglary" properly related to case 370-003 and that the parties were merely referring to the charge by the date of arrest, rather than the date of conviction.

At the multiple bill hearing, the State introduced the testimony of Raymond Loosemore, a fingerprint examiner for the New Orleans Police Department.[46] At the hearing, the State submitted: (1) the fingerprint card taken on the day of the hearing; (2) the arrest register from 1994 with fingerprints showing George was arrested for simple burglary; (3) a bill of

---

[44] St. Rec. Vol. 2 of 3, Multiple Bill Hearing Transcript, 8/16/00.

[45] St. Rec. Vol. 2 of 3, Arrest Register (resisting arrest, simple burglary), date of arrest 2/23/94; St. Rec. Vol. 2 of 3, Plea of Guilty in 370-003, 3/4/96.

[46] St. Rec. Vol. 2 of 3, Multiple Bill Hearing Transcript, 8/16/00.

information charging George with simple burglary of an inhabited dwelling; and (4) a guilty plea form for case 370-003 initialed and signed by George, his attorney and the trial judge setting out the rights George waived by pleading guilty.[47]  Loosemore testified that the fingerprints on the certified records from case 370-003 matched the prints taken from George on the day of the hearing.  Loosemore further testified that it was his conclusion that George was the same person arrested and charged in case 370-003.  Thus, the fingerprint evidence established that George was the person convicted in case 370-003.  The documentary evidence presented to the state trial court established that George pleaded guilty in that case with an attorney present and with full knowledge of his constitutional rights.

George has not established any procedural irregularity that would have required further proof.  The evidence, considered in the light most favorable to the prosecution, was sufficient for the state trial court to find that the prior felony conviction was appropriate as a basis to enhance his sentence under the

---

[47]  *Id.*; St. Rec. Vol. 2 of 3, Fingerprints, 8/16/2000; St. Rec. Vol. 2 of 3, Arrest Register (resisting arrest, simple burglary), date of arrest 2/23/94; St. Rec. Vol. 2 of 3, Bill of Information, 05/18/94; St. Rec. Vol. 2 of 3, Plea of Guilty in 370-003, 3/4/96.  Although not referred to in the multiple bill transcript, it appears that the State also submitted the docket master for case 370-003, and the March 4, 1996 minute entry for George's plea hearing in 370-003.

habitual offender bill.  Accordingly, the Court denies George's federal habeas petition on the merits.

**VII. CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  537 U.S. 322, 336 (2003).  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was

correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, George has not made a substantial showing of the denial of a constitutional right. George's claim that his enhanced sentence as a multiple offender is invalid because it was based on an erroneous prior conviction is without merit. The issue would not engender debate among reasonable jurists.

**VIII. CONCLUSION**

Accordingly, Michael George's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __13th__ day of May, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE